IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GLORIA L. GARCIA A/K/A <br> GLORIA GUZMAN, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, and <br> YOLANDA PEREZ, as Postmaster, <br> United States Post Office, Santa Rosa, <br> TX, and ELENA OLIVAREZ, as an <br> Employee of the United States Post <br> Office, Santa Rosa, Texas, <br>     Defendants. | * <br> * <br> * <br> * <br> *     Civil Action No. B-02-017 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

### UNITED STATES OF AMERICA'S ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, defendant herein, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, hereby files its answer to Plaintiff's Original Complaint. The defendant answers the consecutively numbered paragraphs as follows:

A. PARTIES

1. Defendant has insufficient information to admit or deny plaintiff's residency or citizenship as alleged in paragraph 1 of the complaint. To the extent an answer is required, the defendant denies the allegation in paragraph 1.

2. The allegations in paragraph 2 of the complaint constitute plaintiff's allegations regarding service on the United States of America, which is a conclusion of law to which no response is required. To the extent the allegations in paragraph 2 may be construed as containing allegations of fact, they are denied.

3. The allegations in paragraph 3 of the complaint constitute plaintiff's allegations regarding service on Yolanda Perez, Postmaster of the United States Post Office, Santa Rosa, Texas, which is a conclusion of law to which no response is required. To the extent the allegations in paragraph 3 may be construed as containing allegations of fact, they are denied. Moreover, defendant avers that Yolanda Perez is not a proper party defendant in this case.

4. The allegations in paragraph 4 of the complaint constitute plaintiff's allegations regarding service on Elena Olivarez, a named defendant in this case, which is a conclusion of law to which no response is required. To the extent the allegations in paragraph 4 may be construed as containing allegations of fact, they are denied. Defendant denies that Elena Olivarez is an employee of the United States Postal Service as alleged in paragraph 4 of the complaint.

### B.  JURISDICTION

5. The allegations in paragraph 5 of the complaint set forth plaintiff's allegations of jurisdiction to which no response is required. To the extent the Court requires a response, the allegations are denied.

### C.  CONDITIONS PRECEDENT

6. The allegations in the first sentence of paragraph 6 of the complaint constitute plaintiff's allegations regarding the timeliness of the filing of her administrative claim, which is a conclusion of law to which no response is required. To the extent the allegations in the first sentence of paragraph 6 may be construed as containing allegations of fact, they are denied. Defendant admits the second sentence of paragraph 6.

## D. FACTS

7. Defendant admits the first sentence of paragraph 7 of the complaint. Defendant admits the allegations in the second sentence of paragraph 7 of the complaint that custodian Elena Olivarez was mopping the floor near plaintiff as plaintiff collected her mail but denies that Ms. Olivarez was an employee of the Postal Service as alleged in the second sentence of paragraph 7. Defendant has insufficient evidence to admit or deny the allegations contained in the third sentence of paragraph 7 of the complaint and, therefore, denies same. Defendant denies the allegations in the fourth sentence of paragraph 7 of the complaint. Defendant admits that plaintiff alleges injuries to both her left and right knees and admits further that plaintiff had surgery on her knees as alleged in the fifth sentence of paragraph 7 of the complaint, but defendant is without sufficient information to admit or deny the remaining allegations in the fifth sentence of paragraph 7 and, therefore, denies same. Defendant denies the allegations in the sixth sentence of paragraph 7 of the complaint.

## E. COUNT 1 - FEDERAL TORT CLAIMS ACT

8. Defendant denies the allegations in the first sentence of paragraph 8 of the complaint. Defendant admits that Postmaster Yolanda Perez was acting within the course and scope of her employment at all relevant times as alleged in the second sentence of paragraph 8. The remaining allegations in the second sentence of paragraph 8 constitute conclusions of law to which no response is required; if a response is required, however, defendant denies same. Defendant avers that Elena Olivarez was a contractor custodian and denies that Ms. Olivarez was an employee of the Postal Service as alleged in the third sentence of paragraph 8. The remaining allegations in the third sentence of paragraph 8

constitute conclusions of law to which no response is required; if a response is required, however, defendant denies same. The allegations in the fourth sentence of paragraph 8 constitution conclusions of law to which no response is required. To the extent the Court requires a response, however, defendant denies the allegations in the fifth sentence of paragraph 8.

9. Defendant denies the allegations in paragraph 9 of the complaint.

### F. PRAYER

10. No answer is required to the allegations in paragraph 10 of the complaint because the allegations are in the nature of a prayer for relief. To the extent that an answer is deemed necessary, however, defendant denies the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

In accordance with Rule 8(c) of the Federal Rules of Civil Procedure, defendant hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any claims asserted herein against the United States Postal Service under the Federal Tort Claims Act (FTCA) because the conduct at issue and alleged to be negligent was that of a contractor of the United States of America rather than an employee. 28 U.S.C. §2671. As such, the United States of America is not responsible for the alleged acts or omissions, and has not waived its sovereign immunity for such claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited to the amount claimed administratively in plaintiff's administrative claim filed with the United States Postal Service. 28 U.S.C. §2675(b).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's relief under the FTCA is limited to "money damages" only. See 28 U.S.C. §1346(b). Accordingly, this Court lacks jurisdiction to award any other type of relief in law or equity.

### FOURTH AFFIRMATIVE DEFENSE

Pre-judgment interest is not recoverable against the United States under the FTCA. See 28 U.S.C. §2674.

### FIFTH AFFIRMATIVE DEFENSE

Under the FTCA, the Plaintiff is not entitled to a trial by jury. This case shall be tried by the Court without a jury. 28 U.S.C. §2402.

### SIXTH AFFIRMATIVE DEFENSE

The damages alleged in plaintiff's complaint were proximately caused by plaintiff's own negligence and not the acts or omissions of an employee or agent of the defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is reduced and/or barred by the applicable Texas common or statutory law governing comparative negligence.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that any of plaintiff's injuries or damages alleged in her complaint were proximately and/or solely caused by a third party, and not the United States, plaintiff's claim for recovery is, therefore, reduced and/or barred accordingly.

### NINTH AFFIRMATIVE DEFENSE

Defendant denies plaintiff's injuries and/or damages were caused and/or contributed to by any fault attributable to it, but, in the event this Court does attribute such fault to the United States of America, then, in the alternative, the United States specifically pleads the

applicability of superseding and/or intervening cause as a defense and a bar to recovery against the United States by plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages claimed by plaintiff herein are the result of pre-existing condition rather than any fault or conduct of defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly serve the necessary parties to this action.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has named improper party defendants in this action.

WHEREFORE, defendant requests that Plaintiff's Original Complaint be dismissed with prejudice, and that all relief requested be denied. Defendant requests all other relief, both law and equity, to which it is entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, TX 78520
(956) 548-2554 Fax (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing United States of America's Answer To Plaintiff's Original Complaint was mailed on this the _22nd day of April, 2002 via Certified Mail, Return Receipt Requested to Jason R. Mann, Attorney at Law, 222 E. Van Buren, Suite #701, P.O. Box 231, Harlingen, TX 78551-0231.

NANCY L. MASSO
Assistant U.S. Attorney

6