*10*

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GLORIA L. GARCIA A/K/A § <br> GLORIA GUZMAN § <br> § <br> V. § <br> § <br> UNITED STATES OF AMERICA, and § <br> YOLANDA PEREZ, as Postmaster, § <br> United States Post Office, Santa Rosa § <br> Texas, and ELENA OLIVAREZ, as § <br> an employee of the United States Post § <br> Office, Santa Rosa, Texas § | CIVIL ACTION NO. B-02-017 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**

1.  **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The meeting was held telephonically on May 10, 2002, at 10:55 a.m. and initiated by Plaintiff's attorney Jason R. Mann. In attendance was Nancy L. Masso, Assistant U.S. Attorney for Defendant, United States of America.

2.  **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    None

3.  **Specify the allegation of federal jurisdiction.**

    A federal district has original jurisdiction over claims brought pursuant to the Federal Tort Claims Act. The United States Government is a party to this action.

4.  **Name the parties who disagree and the reasons.**

    None

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None

6. **List anticipated interventions.**

   None at this time.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff is still obtaining service over Defendant, Yolanda Perez; all other parties will complete Initial Disclosures by May 17, 2002.

9. **Describe the proposed agreed discovery plan, including:**

   a. **Responses to all matters raised in Rule 26(f).**

      The parties will make initial disclosures by July 31, 2002. Discovery will be needed regarding the facts surrounding the incident at issue and the nature and extent of the Plaintiff's physical injuries and damages.

   b. **When and to whom the Plaintiff anticipates it may send interrogatories.**

      Plaintiff anticipates sending interrogatories to Defendants prior to August 30, 2002.

   c. **When and to whom the Defendant anticipates it may send interrogatories.**

      Defendant anticipates sending interrogatories to Plaintiff prior to July 31, 2002.

   d. **Of whom and by when the Plaintiff anticipates taking oral depositions.**

      Plaintiff anticipates taking the oral depositions of fact witnesses, Defendants and any Experts designated by Defendants before December 31, 2002.

   e. **Of whom and by when the Defendant anticipates taking oral depositions.**

      Defendant anticipates taking the oral depositions of Plaintiff, fact witnesses,

and any Experts designated by Plaintiff before December 31, 2002.

  f. **List expert depositions the Plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

  Plaintiff anticipates taking the depositions of any Experts designated by Defendants before December 31, 2002.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Non-Applicable

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None

12. **State the date the planned discovery can reasonably be completed.**

    Written discovery can reasonably be completed by February 28, 2003.

    Depositions can be completed by December 31, 2002.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties do not anticipate any meaningful settlement negotiations until medical evidence/testimony is secure.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff, prior to filing this lawsuit, attempted to settle her claims with the Defendant through its administrative claims process.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    Parties agree that Mediation is a suitable Alternative Dispute Resolution technique.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Parties agree on a trial before a magistrate judge. Plaintiff seeks a jury trial, but

Defendant asserts Plaintiff is not entitled.

17. **State whether a jury demand has been made and if it was made on time.**

   A timely jury demand has been made by Plaintiff. Defendant objects to Plaintiffs request for jury trial pursuant to 28 U.S.C. § 2402, 28 U.S.C. § 1346 and 28 U.S.C. § 2671.

18. **Specify the number of hours it will take to present the evidence in this case.**

   Estimated time to present the evidence in this case is 3 days or 24 hours.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   No pending motions pending as of the date of the 26(f) meeting, but Defendant, United States of America, is filing a motion to strike Plaintiff's request for Jury Trial and a Motion to Substitute in for Defendant, YOLANDA PEREZ. Defendant contends said motions can be ruled on at the pretrial and scheduling conference.

20. **List other motions pending.**

   No other pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   None.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

   J. EDWARD MANN, JR. & ASSOCIATES
   Jason R. Mann
   State Bar No. 24004793
   Federal Bar No. 23543
   222 E. Van Buren, Suite 701
   P. O. Box 231
   Harlingen, Texas 78551-0231
   Telephone: 956/428-4114
   Facsimile: 956/428-9494
   Attorney in Charge
   for Plaintiff, Gloria Garcia a/k/a Gloria Guzman

Michael T. Shelby
United States Attorney

Nancy L. Masso
Assistant U.S. Attorney
State Bar No. 00800490
Federal I.D. No. 10263
U.S. Courthouse
600 E. Harrison St. #201
Brownsville, Texas 78520
Telephone: 956-548-2554
Facsimile: 956-548-2549

APPROVED:

_____
Nancy L. Masso
Assistant U.S. Attorney
Attorney in Charge for Defendant,
United States of America

                                        Respectfully submitted,

                                        J. EDWARD MANN, JR. & ASSOCIATES

                                        _____
                                        Jason R. Mann
                                        State Bar No. 24004793
                                        Federal Bar No. 23543
                                        222 E. Van Buren, Suite 701
                                        P. O. Box 231
                                        Harlingen, Texas 78551-0231
                                        Telephone: 956/428-4114
                                        Facsimile: 956/428-9494
                                        Attorney in Charge for
                                        Plaintiff, Gloria Garcia a/k/a Gloria Guzman

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this instrument has been forwarded to all parties and counsel of record on this the 15th day of May, 2002.

Michael T. Shelby
United States Attorney

Nancy L. Masso
Assistant U.S. Attorney
U.S. Courthouse
600 E. Harrison St. #201
Brownsville, Texas 78520
Telephone: 956-548-2554
Facsimile: 956-548-2549

                                                _____
                                                Jason R. Mann