UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 5 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GLORIA GARCIA. A/K/A<br>GLORIA GUZMAN<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | §<br>§<br>§ | CIVIL ACTION NO. B-02-017 |
| UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa,<br>Texas, and ELENA OLIVAREZ, as an<br>Employee of the United States Post Office,<br>Santa Rosa, Texas<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

### DEFENDANT POSTAL SERVICE'S
### MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS,
### WITNESS, AND MEDICAL RECORDS

NOW COMES Defendant United States Postal Service (hereinafter "Postal Service") by and through its undersigned attorneys, and respectfully moves this Court, pursuant to Fed. R. Civ. P. 26 and 37 to strike Plaintiff's expert witness, lay witness and information contained within undisclosed medical records stating the following in support.

### Defendant's Claims and Allegations

Defendant Postal Service and Defendant Olivarez received supplemental discovery from the Plaintiff on or about December 12, 2003. This was the first supplement by Plaintiff since the initial response to discovery. Plaintiff has listed new medical treatments, a new treating physician and Plaintiff has designated an expert. As a result, an *Agreed Motion for the Expansion of Time* was filed on December 23, 2003 and subsequently granted on January 5, 2004. Over the following months Defendant Postal Service sent repeated letters to compel Plaintiff's production of discovery

and setting of witnesses for deposition.

## I. Harmful Effect of Failure to Comply with Written Discovery

**A. Medical Records**

"If a party fails to make a disclosure under Fed. R. Civ. P. 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2). Defendant Postal Service attempted to obtain copies of all new medical records, but due to the new HIPAA requirements, Valley Baptist Medical Center required a HIPAA release to be completed. A copy of the HIPAA release form was sent to Plaintiff on January 27, 2004 to be signed and returned. (Exhibit 1). A follow up letter was sent to Plaintiff on March 12, 2004. As yet there has been no return of the HIPAA release and Valley Baptist Medical Center will not release the supplemental medical records. Without these records, the Defendant Postal Service is left without potentially valuable discovery for the deposition and cross-examination of Plaintiff's treating physician and expert. Defendant Postal Service has attempted to gain compliance in good faith, but to date Plaintiff has failed to comply. Fed. R. Civ. P. 37(c)(1) provides that documents which have not been disclosed pursuant to discovery requests under Fed. R. Civ. P. 26 cannot be offered at trial, "unless such failure is harmless." *Texas A&M Research Foundation v. Magna Transportation, Inc.*, 338 F.3d 394, 401 (5th Cir. 2003).

In the present case, the failure to produce the medical records is harmful. The Plaintiff intends to offer expert testimony concerning the nature and treatment of Plaintiff's injury. Said testimony would most assuredly rely upon medical records that Plaintiff has not produced. Additionally, Plaintiff will need to produce evidence at trial concerning past and future medical expenses, and once again, these unproduced records contain information that will for the basis of this

testimony. There can be no other option but to find that the failure to produce and disclose these records is harmful and that any information contained therein should be excluded from trial.

**B. Failure to Produce Dr. Raul Garza for Deposition**

Defendant Postal Service had been notified that Dr. Raul Garza was a treating physician, and as such Defendant Postal Service has attempted to gain access to Dr. Raul Garza in order to depose him. In addition to telephone discussions just prior to and after January 1, 2004, Defendant Postal Service sent letters to the attorney for Plaintiff asking for dates to depose Dr. Garza. Letters were sent on January 11, 2004, January 27, 2004 and March 12, 2004 asking for dates to be selected for deposition. (Exhibits 1, 2, and 3) To date, Plaintiff has not responded. In the last letter, Defendant Postal Service included a written authorization to allow Defendant Postal Service to meet with Dr. Garza, that document has also not been returned.

## II. Failure to Produce Dr. Bliss Clark for Deposition

The Federal Rules of Civil Procedure divide potential witness into three distinct groups. *Musser v. Gentiva Health Services*, 356 F.3d 751, 756 (7th Cir. 2004). The first group are fact witnesses whose name, address and phone number (if known) must be disclosed to the opposing party. Fed. R. Civ. P. 26(a)(1)(A); *Musser*, 356 F.3d at 756. The second and third groups are both witnesses who will provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A) and (B); *Musser*, 356 F.3d at 756. Federal Rule of Civil Procedure 26(a)(2)(A) applies to all experts and requires the disclosure to other parties the names of all persons who may be used to give testimony at trial. Fed. R. Evid. 702, 703, and 705. *Hamburger v. State Farm Automobile Insurance Company*, ---- F.3d ----, 2004 WL 383366, headnote 7 and 8 (5th Cir. 2004); *Musser*, 356 F.3d at 756.

After a Court determines that a party has failed to comply with Fed. R. Civ. P. 26(a)(2)(A) then the Court must inquire whether there was a substantial justification for the failure to comply or that the failure was harmless. Fed. R. Civ. P. 37(c)(1); *Musser*, 356 F.3d at 758; *Heidtman v. County of El Paso*, 171 F.3d 1038, (5th Cir. 1999); *Barrett v. Atlantic Richfield Company*, 95 F.3d 375, 380, (5th Cir. 1996). The exclusion of non-disclosed evidence is automatic and mandatory under Fed. R. Civ. P. 37(c)(1) unless non-disclosure was justified or harmless. *Musser v. Gentiva Health Services*, 356 F.3d 751, 758. The initial designation of Dr. Clark was made well within the 90 days before trial required by Fed. R. Civ. P. 26(a)(2)(C).[1] This Court remedied that problem by extending the deadlines for discovery and thus allowing the Defendant Postal Service to take the deposition of Dr. Clark. However, during this extended discovery period, the Plaintiff has failed to produce the expert Dr. Clark for deposition. Defendant Postal Service has repeatedly contacted Plaintiff, both by telephone and letter, to schedule a deposition for Dr. Bliss Clark (Exhibits 1, 2, & 3). In the last letter sent to Plaintiff, a written authorization was provided for Plaintiff's signature to allow Defendant Postal Service to speak with Dr. Clark, to date there has been no response.

Fed. R. Civ. P. 26(b)(4) allows for the deposition of, "*any* person who has been identified as an expert whose opinions *may* be presented at trial." [Emphasis added]. At bar, Plaintiff most

---

[1] (2) Disclosure of Expert Testimony.
    (A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence...
    (C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

certainly knew of Dr. Bliss Clark as he had been providing medical treatment to Plaintiff for some time and that Dr. Clark would be needed at trial to testify. There could be no substantial justification for failing to disclose Dr. Bliss as an expert 90 days prior to the last trial setting. The Court found a proper remedy and continued the discovery in this case so that the appropriate discovery (including the deposition of the Dr. Bliss Clark) could take place. However, even after the extension of discovery deadlines and trial date, Defendant Postal Service is left in the same position that it was prior to the last trial date, with the knowledge of who Plaintiff's expert is, but with no deposition. The 5th Circuit Court of Appeals held in *Barrett*, that failure of medical expert witness to be produced for deposition was unjustifiable and that the exclusion of their testimony was proper. *Barrett* 95 at 380-81, (5th Cir. 1996).

Upon potential appellate review the court will look to the following issues:

>   (1) the explanation, if any, for the party's failure to comply with the discovery order;
>   (2) the importance of the testimony;
>   (3) potential prejudice to the Defendant Postal Service in allowing the testimony;
>   (4) and the availability of a continuance.

*Hamburg*, ---- F.3d ----, 2004 WL 383366, at headnote 9 and 10; *Texas A&M Research Foundation*, 338 F.3d at 402; Geiserman v. MacDonald, 893 F.2d 787, 791(5th Cir. 1990). As to the first issue there is yet no answer, so no analysis can be made. As to the importance of the testimony, it can be assumed to be important but as Plaintiff has failed to provide Dr. Clark for deposition so the full extent of his importance can not be know, at least to the Defendant Postal Service. The potential prejudice against the Postal Service in allowing Dr. Clark to testify is great, and Plaintiff will have

been rewarded for his non-disclosure.[2] This case is a tort claim and the potential damages great, by not being able to depose Dr. Bliss Clark the prejudice to the Postal Service is great. Finally, there has already been a continuance in this case when the Plaintiff designated an expert within 90 days of the trial date in contravention of Fed. R. Civ. P.26(a)(2)(C). The granting of a further continuance would do nothing more than unduly delay this trial and reward the Plaintiff for repeated delays. The expert testimony of Dr. Bliss Clark should be excluded.

### III. Relief

Defendant Postal Service requests the following relief:

1. The exclusion of all information contained in the medical records possessed by Valley Baptist Medical Center;

2. The exclusion of testimony by Dr. Raul Garza;

3. The exclusion of expert testimony by Dr. Bliss Clark;

4. The exclusion of testimony by Dr. Bliss Clark;

5. Or alternatively, Court compelled depositions of Dr. Raul Garza and Dr. Bliss Clark and Court compelled tendering of HIPAA release.

---

[2] As to the issue of non-disclosure the Courts have held, "there was a day when litigants learned their opponents' contentions during trial. That day is to have ended." *Shelack v. White Motor Company*, 581 F.2d 1155, 1160 (5th Cir. 1978); *Schlagenhauf v. Holder*, 379 U.S. 104, 114-15, 85 S.Ct. 234, (1964); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304-05 (5th Cir. 1973).

Respectfully submitted,

MICHAEL SHELBY
UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

## CERTIFICATE OF CONFERENCE

The undersigned attempted to contact Counsel for Plaintiff for his position of the filing of this Motion to Strike Plaintiff's Expert Witness, Witness, and Medical Records but he was unavailable.

STEVEN SCHAMMEL
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing Defendant Postal Service's Motion to Strike Plaintiff's Expert Witness, Witness, and Medical Records was mailed via First-Class Mail to the following:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231
Attorney for Plaintiff

Pablo J. Almaquer
TEXAS RURAL LEGAL AID, INC.
316 S. Closner
Edinburg, Texas 78539
Attorney for Elena Olivarez

on this the 9th day of April, 2004.

                                        Steven T. Schammel
                                        Assistant U. S. Attorney



U.S. Department of Justice

*United States Attorney*
*Southern* District of Texas

---

1701 West Highway 83, Suite 600  Phone (956) 618-8010
Bentsen Tower  Fax (956) 618-8016
McAllen, Texas 78501

January 27, 2004

Mr. Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, TX 78550
*CMRRR # 7000 1530 0005 0687 1090*

Re:  *Gloria Guzman a/k/a Gloria Guzman v. United States of America et. al*, Civil Action No. B-02-017

Dear Mr. Mann:

In attempting to get copies of your client's most recent medical records and billing information, Valley Baptist Medical Center is now mandating the use of an HIPAA release. Please have your client complete the enclosed form and return it to me at the earliest possible date.

Additionally, I still have not received a response from you on the availability of Dr. Raul Garza's and Dr. Bliss Clark's depositions.

Thank you for your time and assistance in these matters.

Sincerely,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL,
Assistant United States Attorney

Enclosure: 1



## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name:_____ Medical Records No._____

Social Security Number:_____ D.O.B.:_____

I authorize _____ to disclose information relating to the above named individual's health information as described below. The type and amount of information to be used or disclosed as follows:

| Check Appropriate Document | | List Dates Below |
|---|---|---|
| _____ | Operative Report | _____ |
| _____ | History & Physical | _____ |
| _____ | Discharge Summary | _____ |
| _____ | Laboratory Results | _____ |
| _____ | Radiology Results | _____ |
| _____ | Pathology Report | _____ |
| _____ | EKG Reports | _____ |
| _____ | Emergency Room | _____ |
| _____ | Entire Record | _____ |
| _____ | Other:_____ | |

The above information that is going to be released is for what purpose and that purpose only; please check one:

_____ Continuation of Care   _____ Personal   _____ Attorney   _____ Disability   _____ Medicaid/Medicare

1. I understand that the information in my medical record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

2. **This information may be disclosed to and used by the following individual or organization:**

   Name of Person/Organization:_____

   Address:_____

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Medical Records Department. I understand that revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event, or:_____ condition. If I fail to specify an authorization date, event or condition, this authorization will expire in six months (Tex. H&S §166.155).

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to ensure treatment. I understand that I may inspect or request a copy of the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for any unauthorized redisclosure and the information may not be protected by federal confidentiality rules.

_____     _____
Signature of Patient or Legal Representative     Date

_____     _____
If Signed by Legal Representative, Relationship to Patient     Date

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)* Edna Salinas | B. Date of Delivery 1/28/04 |
| | C. Signature X *Ana Salinas* | ☐ Agent<br>☐ Addressee |
| 1. Article Addressed to:<br><br>**Jason R. Mann**<br>**Attorney at Law**<br>**222 E. Van Buren, Ste. 701**<br>**Harlingen, Texas 78550** | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| Re: Gloria Guzman v. USA/B-02-017 | 4. Restricted Delivery? *(Extra Fee)* | ☐ Yes |
| 2. Article Number  (SS/mg)  CMRRR #7000 1530 0005 0687 1090<br>*(Transfer from service label)* | | |
| PS Form 3811, March 2001 | Domestic Return Receipt | 102595-01-M-1424 |

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1530 0005 0687 1090

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $  Jan. 27, 2004 |

Sent To: Jason R. Mann, Attorney at Law
Street: 222 East Van Buren, Ste. 701
City: Harlingen, Texas 78550

PS Form 3800, May 2000          See Reverse for Instructions



U.S. Department of Justice

*United States Attorney*
*Southern* District of Texas

---

*1701 West Highway 83, Suite 600*  *Phone (956) 618-8010*
*Texas Commerce Bank -Bentsen Tower*  *Fax (956) 618-8016*
*McAllen, Texas 78501*

January 11, 2004

Mr. Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, TX 78550
**CMRRR #7000 1530 0005 0687 0741**

RE: *Gloria Guzman a/k/a Gloria Guzman v. United States of America et. al*, Civil Action
No. B-02-017

Dear Mr. Mann:

I have yet to receive any dates from you for the deposition of your expert Dr. Bliss Clark and Dr. Raul Garza. As you are aware, we recently had to apply for an extension in order to facilitate the deposition of these two physicians and to obtain supplemental discovery from your client. We will need to set dates soon for the deposition of your witnesses in order to comport with the deadlines.

Please confer with me as soon as possible about your availability. I hope we will be able to reach mutually agreeable date.

Sincerely,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

*Steven Schammel*
STEVEN T. SCHAMMEL,
Assistant United States Attorney

STS/mg

cc: Mr. Pablo J. Almaguer
Texas Rural Legal Aid, Inc.
316 S. Closner
Edinburg, TX 78539
**CMRRR #7000 1530 0005 0687 0758**



Case 1:02-cv-00017  Document 30  Filed in TXSD on 04/13/2004  Page 13 of 17



# U.S. Department of Justice

*United States Attorney*
*Southern* District of Texas

---

*1701 West Highway 83, Suite 600*  *Phone (956) 618-8010*
*Bentsen Tower*  *Fax (956) 618-8016*
*McAllen, Texas 78501*

March 12, 2004

Mr. Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, TX 78550
**CMRRR # 7000 1530 0005 0687 1984**

Re:  *Gloria Guzman a/k/a Gloria Guzman v. United States of America et. al*, Civil Action No. B-02-017

Dear Mr. Mann:

I have yet to receive from you dates for the deposition of Dr. Raul Garza and Dr. Bliss Clark. Since you have not been able to provide a date, I have enclosed letters authorizing me to speak with your witnesses. If you would please complete these documents and return them to me.

Additionally, I had previously sent you an HIPAA release for your client's most recent medical records and billing information from Valley Baptist Medical Center. Valley Baptist is now mandating the use of an HIPAA release. Please have your client complete the form which I am enclosing again and return it to me along with the authorization letters.

Thank you for your time and assistance in these matters.

Sincerely,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL,
Assistant United States Attorney

Enclosure: 3



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GLORIA GARCIA. A/K/A<br>GLORIA GUZMAN<br>　　Plaintiff,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa,<br>Texas, and ELENA OLIVAREZ, as an<br>Employee of the United States Post Office,<br>Santa Rosa, Texas<br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-017 |

## Authorization to Meet With Counsel for the United States of America

I, Jason Mann, attorney for plaintiff Gloria Garcia (a/k/a Gloria Guzman) in the above numbered and styled case, do hereby authorize the attorney(s) for the defendant United States of America to meet with Dr. Raul Garza outside of my presence to discuss all matters relating to the aforementioned plaintiff.

　　　　　　　　　　　　　　　　　　　　Mr. Jason R. Mann
　　　　　　　　　　　　　　　　　　　　222 East Van Buren, Suite 701
　　　　　　　　　　　　　　　　　　　　Harlingen, TX 78550
　　　　　　　　　　　　　　　　　　　　Texas Bar No.: 24004793
　　　　　　　　　　　　　　　　　　　　Federal Id No.: 23543

　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GLORIA GARCIA. A/K/A § <br> GLORIA GUZMAN § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> § <br> UNITED STATES OF AMERICA, and § <br> YOLANDA PEREZ, as Postmaster, § <br> United States Post Office, Santa Rosa, § <br> Texas, and ELENA OLIVAREZ, as an § <br> Employee of the United States Post Office, § <br> Santa Rosa, Texas § <br> Defendants. § | CIVIL ACTION NO. B-02-017 |

### Authorization to Meet With Counsel for the United States of America

I, Jason Mann, attorney for plaintiff Gloria Garcia (a/k/a Gloria Guzman) in the above numbered and styled case, do hereby authorize the attorney(s) for the defendant United States of America to meet with Dr. Bliss Clark outside of my presence to discuss all matters relating to the aforementioned plaintiff.

Mr. Jason R. Mann
222 East Van Buren, Suite 701
Harlingen, TX 78550
Texas Bar No.: 24004793
Federal Id No.: 23543

Attorney for Plaintiff

## AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

Patient Name:_____ Medical Records No._____

Social Security Number:_____ D.O.B.:_____

I authorize _____ to disclose information relating to the above named individual's health information as described below. The type and amount of information to be used or disclosed as follows:

| *Check Appropriate Document* | *List Dates Below* |
|---|---|
| _____ Operative Report | _____ |
| _____ History & Physical | _____ |
| _____ Discharge Summary | _____ |
| _____ Laboratory Results | _____ |
| _____ Radiology Results | _____ |
| _____ Pathology Report | _____ |
| _____ EKG Reports | _____ |
| _____ Emergency Room | _____ |
| _____ Entire Record | _____ |
| _____ Other:_____ | |

The above information that is going to be released is for what purpose and that purpose only; please check one:

_____ Continuation of Care  _____ Personal  _____ Attorney  _____ Disability  _____ Medicaid/Medicare

I understand that the information in my medical record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

**This information may be disclosed to and used by the following individual or organization:**

Name of Person/Organization:_____

Address:_____

I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Medical Records Department. I understand that revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event, or:_____ condition. If I fail to specify an authorization date, event or condition, this authorization will expire in six months (Tex. H&S §166.155).

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to ensure treatment. I understand that I may inspect or request a copy of the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for any unauthorized redisclosure and the information may not be protected by federal confidentiality rules.

_____     _____
Signature of Patient or Legal Representative                                            Date

_____     _____
If Signed by Legal Representative, Relationship to Patient                   Date

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)  B. Date of Delivery<br>L. SANDERS                       5/16/04<br>C. Signature<br>X  [signature]   ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:     ☐ No |
| 1. Article Addressed to:<br><br>**Jason R. Mann**<br>**Attorney at Law**<br>**222 East Van Buren, Suite 701**<br>**Harlingen, Texas 78550** | 3. Service Type<br>☐ Certified Mail    ☐ Express Mail<br>☐ Registered       ☐ Return Receipt for Merchandise<br>☐ Insured Mail     ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| Re: Gloria Guzman v. USA/B-02-017<br>2. Article Number (Copy from service label)<br>(SS/mg)              CMRRR #7000 1530 0005 0687 1984 | |
| PS Form 3811, July 1999    Domestic Return Receipt    102595-00-M-0952 | |



U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

7000 1530 0005 0687 1984

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Jason R. Mann    Mar. 15, 2004
Street, Apt. No.: Attorney at Law
                  222 East Van Buren, Ste. 701
City, State, ZIP+: Harlingen, Texas 78550

PS Form 3800, May 2000        See Reverse for Instructions