IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 4 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GLORIA L. GARCIA a/k/a GLORIA GUZMAN, § § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. B-02-017 |
| § | |
| UNITED STATES OF AMERICA, and YOLANDA PEREZ, as Postmaster, United States Post Office, Santa Rosa, Texas, and ELENA OLIVAREZ, as an employee of the United States Post Office, Santa Rosa, Texas, § § § § § § § | |
| Defendants. § § | |

### DEFENDANT ELENA OLIVAREZ'S
### MOTION FOR SUMMARY JUDGMENT

Defendant, Elena Olivarez, by and through her attorney and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Court to enter summary judgment holding that Defendant Elena Olivarez was an employee of the United States as defined by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, and holding that Defendant Elena Olivarez is not a proper party Defendant in this case. In support of this motion, Defendant Elena Olivarez would respectfully show the following:

1.  This action is brought by Plaintiff Gloria Garcia, a/k/a, Gloria Guzman ("Plaintiff"), under the FTCA for personal injuries she alleges to have suffered when she fell at the United States Post Office ("U.S. Post Office") in Santa Rosa, Texas, on November 12, 1999. An unopposed Motion to Substitute the United States of America as Defendant in the stead of

Yolanda Perez was granted on May 16, 2002. The only remaining Defendants to this action as of the filing of this motion are the United States of America ("USA") and Elena Olivarez ("Olivarez").

2.  In this motion for summary judgment, Olivarez asks the Court to hold that she is an employee of the USA as defined by the FTCA and therefore not a proper party Defendant in this case.

3.  Olivarez asks for summary judgment against Plaintiff's claim alleged against her because she was an employee of the U.S. Postal Service and was acting within the course and scope of her employment when the common law tort allegations alleged by Plaintiff were committed.

4.  This Motion is supported by the pleadings, admissions, interrogatory answers, production requests and deposition testimony attached hereto, and by the Memorandum and Authorities in Support of Defendant Elena Olivarez's Motion for Summary Judgment.

5.  The pleadings and the summary judgment evidence establish that there is no genuine issue of material fact and that Olivarez is entitled to judgment as a matter of law on the following specific issue:

    The exclusive remedy available to Plaintiff is one against the USA pursuant to 28 U.S.C. §§ 2674 and 2679(b) and therefore the USA should be substituted as the defendant herein in place of Olivarez because

    a.  USA exercised exhaustive control over Olivarez's employment by providing detailed and extensive instructions concerning her duties as a custodian at the U.S. Postal Office in Santa Rosa, Texas, and such control belies the USA's

claim that she was an independent contractor;

b. Along with USA's control over Olivarez's detailed physical performance, the law of agency establishes that Olivarez was an employee of the USA and not an independent contractor; and

c. Olivarez was acting within the course and scope of her employment when the common law tort allegations alleged by Plaintiff were committed.

6. Pursuant to Rule 56(b), Olivarez requests that the Court, after examining the pleadings and evidence, ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted, and request that the Court thereafter enter an order specifying the facts that appear without substantial controversy, and directing such further proceedings in the action as are just.

WHEREFORE, Defendant Elena Olivarez prays that this Court grant this motion and enter an interlocutory summary judgment holding that the Defendant Elena Olivarez was an employee of the USA acting within the course and scope of her employment when the common-law tort allegations alleged by Plaintiff were committed and that the USA be substituted as the defendant herein in place of Defendant Elena Olivarez. Defendant Elena Olivarez further prays for such other relief, at law or in equity, to which she may be entitled.

Respectfully Submitted,

**TEXAS RIOGRANDE LEGAL AID, INC.**
316 S. Closner
Edinburg, Texas 78539
(956)383-5673
(956)383-4688 Fax

BY: /s/ Pablo J. Almaguer
Pablo J. Almaguer
State Bar No. 24004523
S.D. Tex. No. 22597

Attorney-in-Charge for Defendant
Elena Olivarez


### CERTIFICATE OF SERVICE

I, Pablo J. Almaguer, hereby certify that a true and correct copy of the foregoing document has been served upon opposing counsel on this the 14th day of **April, 2004**, as follows:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231
*Via First Class Mail*

Steven T. Schammel, Asst. U.S. Attorney
UNITED STATES ATTORNEY'S OFFICE
1701 W. Highway 83, Suite #600
McAllen, TX 78501
*Via First Class Mail*

/s/ Pablo J. Almaguer
Pablo J. Almaguer