UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GLORIA GARCIA. A/K/A | § | |
| GLORIA GUZMAN | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-02-017 |
| | § | |
| UNITED STATES OF AMERICA, and | § | |
| YOLANDA PEREZ, as Postmaster, | § | |
| United States Post Office, Santa Rosa, | § | |
| Texas, and ELENA OLIVAREZ, as an | § | |
| Employee of the United States Post Office, | § | |
| Santa Rosa, Texas | § | |
| Defendants. | § | |

## JOINT PRETRIAL ORDER[1]

### Appearance of Counsel

**For Gloria Garcia**

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231
Phone: 956-428-4114
Fax:    956-428-9494
TX Bar:    24004793
Fed. Id. No:   23543

---

[1]This "Joint Pretrial Order" is joint in name only. Counsel of the other parties informed Counsel for the United States that they would be filing and Agreed Motion for Extension of Deadlines. While Counsel for the United States is in agreement with the motion for extension, the United States still files a proposed pretrial order.

**For Elena Olivarez**

Pablo J. Almaquer
TEXAS RURAL LEGAL AID, INC.
316 S. Closner
Edinburg, Texas 78539
Phone: 956-383-5673
Fax:    956-383-4688
TX Bar No.:   24004523
Fed. Id. No.:  22597


**For the United States:**

Steven T. Schammel
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-992-9354
Fax:    956-618-8016
TX Bar No.:   24007990
Fed. Id. No.:  23180

Nancy L. Masso
Assistant United States Attorney
600 E. Harrison St., #201
Brownsville, Texas 78520
Phone 956-548-2554
Fax:    956-548-2549
State Bar No. 00800490
Fed. I.D. No. 10263

## Statement of the Case

This is a Federal Tort Claims Act case. Plaintiff Gloria Garcia (hereinafter "Plaintiff") contends that on November 17, 1999, at approximately 7:10 AM, she entered the United States Post Office in Santa Rosa, Texas (hereinafter referred to as the "Santa Rosa Post Office") to collect her mail. Plaintiff was there for approximately 15 minutes retrieving and going through her mail. While

the Plaintiff was present in the Santa Rosa Post Office, Defendant Elena Olivarez was mopping the floor. Defendant Olivarez was hired by an independent contractor from Indianapolis, Indiana. Plaintiff admitted that the location on the floor where she would later fall was dry as she entered the San Benito Post Office. Plaintiff admitted that she never noticed Ms. Olivarez just to the west (right) of her, where she alleges she slipped and fell. Plaintiff further alleges that there was water on the floor, and that this, in combination with bad lighting, caused her to slip and fall. Plaintiff also alleges that the "Caution Wet Floor" sign was not displayed in the vicinity of the Plaintiff's fall in such a manner as to adequately warn her of the "dangerous" condition. Defendants contend that the sign was displayed near the front door to the San Benito Post Office. The Plaintiff further claims injuries to both her left and right knees requiring surgery and caused her, "permanent scarring and pain and suffering" which Plaintiff asserts will affect her for life. Plaintiff alleges damages as a result of her injuries arising from mental anguish, loss of earnings and medical expenses.

### Statement of Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 1331. Venue is proper in the Southern District of Texas, Brownsville Division.

Defendant United States argues that jurisdiction is not proper because Elena Olivarez was an independent contractor and not a government employee, thereby precluding suit under the FTCA. 28 U.S.C. 2671.

### Motions

1. Defendant Postal Service's Motion to Strike Plaintiff's Expert Witness, Witnesses and Medical Records.

2. Defendant Elena Olivarez's Motion for Summary Judgment.

3. The United States' Motion for Summary Judgment.

## Contentions of the Plaintiff

1.

## Contentions of the Defendant United States

1. The United States cannot show to have met the elements of premises defect.

2. The United States was not negligent in its activity. In order to recover on a negligent activity theory, a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992).

3. Defendant Olivarez was a contract laborer at the time of the Plaintiff's alleged fall.

4. The actions and/or knowledge of Elena Olivarez, as a contract laborer, cannot impute liability on the United States. 28 U.S.C. § 2671; *Lane v United States*, 843 F.SUPP. 190, 192 (N.D. Texas 1993); *United States v. Orleans*, 425 U.S. 807, 813-814, 96 S.Ct. 1971, 1975-76; *Logue v. United States*, 412 U.S. 521, 528, 93 S.CT. 2215, 2219-20 (1973).

5. The floor was not wet, therefore, it did not pose an unreasonable risk of harm.

6. The United States did not have actual or constructive knowledge of the wet floor (if any) on the premises.

7. Alternatively, if the floor was wet, it was wet for such a short period of time the United States could not be aware of the wet spot on the floor.

8. Without sufficient time to discover the alleged wet spot, the occupier United States, could

not reasonably be expected to know of its presence and act accordingly.

9. Alternatively, should Elena Olivarez be found to be an employee of the United States, she did exercise reasonable care to reduce or eliminate the risk by placing a sign and attempting to wait and avoid Plaintiff.

10. The "wet floor sign" was placed just inside the door of the San Benito Post Office.

11. The United States did not proximately cause the Plaintiff's injury.

12. All injuries and damages were proximately caused by the acts or omissions of Plaintiff.

13. Plaintiff is not entitled to a trial by jury. 28 U.S.C. § 2402.

14. Gloria Garcia is not entitled to damages from the United States.

15. In the unlikely event damages are awarded, the Plaintiff is limited to the amount claimed administratively in Plaintiff's administrative claim. 28 U.S.C. § 2675(b).

16. Should Plaintiff be awarded damages would also be limited to "money damages," and this Court lacks the jurisdiction to award other relief in law or equity.

17. In the event Plaintiff recovered, she would also not be able to recover pre-judgment under the FTCA. 28 U.S.C. § 2674.

18. Plaintiff's recovery, if any, is offset by Texas comparative negligence law.

19. If the Plaintiff were awarded damages to the extent that a third party was proximately and/or solely responsible, damages attributable to the United States are reduced and/or barred.

20. The United States denies Plaintiff's injuries and/or damages were caused and/or contributed to by any fault attributable to it, but in the event the Court attributes fault to the United States, then the United States specifically pleads the applicability of superceding and/or intervening causes as a defense or bar to recovery by Plaintiff.

## Contentions of the Defendant Elena Olivarez

1.

## Admissions of Fact

1. Gloria Garcia was in the San Benito Post office for approximately 15 minutes on the morning of November 12, 1999.

2. Gloria Garcia has a post office box at the San Benito Post Office and was present as an invitee.

3. Gloria Garcia and Elena Olivarez were the only persons present at the location of the fall in the San Benito Post Office when Plaintiff allegedly fell.

4. Elena Olivarez was going about her duties as a custodian while Plaintiff was present in the building.

5. Elena Olivarez placed the "wet floor sign" inside the entrance of the San Benito Post Office.

6. Gloria Garcia never saw Elena Olivarez or her mop to her right (west) while she was reading her mail.

7. Gloria Garcia read through her mail while standing in front of her post office box.

8. Gloria Garcia did not pick up her mail everyday.

9. The spot on the floor where the Plaintiff allegedly fell was dry when she entered.

## Contested Issues of Fact

1. Whether the floor was wet at the time of Plaintiff's fall.

2. Whether the United States had actual or constructive knowledge of the wet floor.

3. If the floor was wet, whether the United States had sufficient time to discover it was wet.

4. If the floor was wet, whether the wet floor posed an unreasonable risk of harm.

5. Whether there was sufficient time for the United States to act to reduce or eliminate the risk.

6. If Elena Olivarez is found to be an employee of the United States, whether the United States exercised reasonable care to reduce or eliminate the risk.

7. Whether the United States' failure, if any, to use such care proximately caused the plaintiff's injuries, if any.

8. Gloria Garcia was wholly or jointly responsible for her injuries.

9. At what time the wet floor sign was placed in the lobby of the San Benito Post Office.

### Agreed Applicable Propositions of Law

1. Venue is proper in this Court as any potential act or omission occurred within the Southern District of Texas, Brownsville Division.

2. Defendant United States argues that jurisdiction is not proper because Elena Olivarez was an independent contractor and not a government employee, thereby precluding suit under the FTCA. 28 U.S.C. 2671. This is a case brought pursuant to the Federal Tort Claims Act. Liability is determined by the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995)(en banc).

3. Texas law is the rule of decision in this case since the alleged acts or omissions took place in Santa Rosa, Texas. *Richards v. United States*, 369 U.S. 1, 9-10 (1962). In order to prevail in Texas in a negligence action under premisses defect the Plaintiff must prove:

   1. Actual or constructive knowledge of some condition on the premises by the owner/operator;
   2. That the condition posed an unreasonable risk of harm;

    3.     That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

    4.     That the owner/operator's failure to use such care proximately caused the plaintiff's injury.

See *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1975); *June v. Dan Kirby Associates*, 1995 WL 506012, at ¶ 7 (Tex. App.-Hous. [14 Dist.]).

5.     The burden of proof is on Plaintiff to establish the elements of this case.

6.     To bring an action under the Federal Tort Claims Act, a claimant must first file a written claim for money damages with the federal agency employing the negligent employee. 28 U.S.C. § 2675.

7.     A tort claim against the United States is "forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b).

8.     The parties agree that a timely administrative claim was filed and denied by the United States Postal Service.

9.     Plaintiff is not entitled to a trial by jury. 28 U.S.C. § 2402.

10.     Plaintiff's recovery, if any, is offset by Texas comparative negligence law. Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001 to 33.017

11.     If the Plaintiff were awarded damages to the extent that a third party was proximately and/or solely responsible, damages attributable to the United States are reduced and/or barred.

12.     In the unlikely event damages are awarded, the Plaintiff is limited to the amount claimed administratively in Plaintiff's administrative claim. 28 U.S.C. § 2675(b).

13.     Should Plaintiff be awarded damages would also be limited to "money damages" and this

Court lacks the jurisdiction to award other relief in law or equity.

14. In the event Plaintiff recovered, she would also not be able to recover pre-judgment under the FTCA. 28 U.S. C. § 2674.

15. The United States denies Plaintiff's injuries and/or damages were caused and/or contributed to by any fault attributable to it, but in the event the Court attributes fault to the United States, then the United States specifically pleads the applicability of superceding and/or intervening causes as a defense or bar to recovery by Plaintiff.

### Contested Issues of Law

1. Whether Elena Olivarez was an independent contractor or an employee of the United States Postal Service.

2. Defendant United States argues that jurisdiction is not proper because Elena Olivarez was an independent contractor and not a government employee, thereby precluding suit under the FTCA. 28 U.S.C. 2671.

3. Whether Plaintiff has proven any or all of the elements of premises defect.

4. Whether Gloria Garcia is entitled to damages from the United States' alleged premises defect, if any, and if so, the amount of such damages.

5. Whether negligent activity is an appropriate claim. In order to recover on a negligent activity theory a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992).

6. Whether Gloria Garcia is entitled to damages from the United States' alleged negligence activity, if any, and if so, the amount of such damages.

7. If damages are awarded, to the extent that a third party was proximately and/or solely responsible, damages attributable to the United States are reduced and/or barred.

## Witnesses

**For the Plaintiff:**



**For the United States:**

Ms. Gloria Garcia
She can be reached through her attorney:
> J. Edward Mann, Jr. & Associates
> 222 E. Van Buren, Suite 701
> PO Box 231
> Harlingen, TX 78551-0231
> Phone: 956-428-4114
> Fax:    956-428-9494

> It is expected that she will testify to her physical condition before and after her alleged fall as well as the events surrounding her alleged fall.

Ms. Elena Olivarez
She can be reached through her attorney:
> Pablo J. Almaquer
> TEXAS RURAL LEGAL AID, INC.
> 316 S. Closner
> Edinburg, Texas 78539
> Phone: 956-383-5673
> Fax:    956-383-4688

> She will testify as to her employment relationship with the United States Postal Service, the conditions of the San Benito Post Office, and the events of November 17, 1999.

Yolanda Perez
100 Amy Dr.
San Juan, TX 78589
956-787-2491,

> She will testify as to the regular course of business at the San Benito Post Office, Ms. Elena Olivarez's employment relationship with the United States Postal Service, as well as the condition of the San Benito Post Office.

Lydia Rangel
214 C. Hwy 506
Santa Rosa, TX 78593-9998
956-636-1333

> She will testify as to the regular course of business at the San Benito Post Office, Ms. Elena Olivarez's employment relationship with the United States Postal Service, as well as the condition of the San Benito Post Office.

Valley Baptist Medical Center
and the Custodian of Records
2101 Pease Street
P. O. Drawer 2588
Harlingen, Texas 78550
(956) 389-1100

> Testimony regarding medical services rendered to Plaintiff.

Dolly Vinsant Memorial Hospital
and the Custodian of Records
Highway 77
San Benito, Texas 78586
(956) 399-1313

> Testimony regarding medical services rendered to Plaintiff.

South Texas Medical Clinic
and the Custodian of Records
2230 Haine Drive
Harlingen, Texas 78550
(956) 425-4901

> Testimony regarding medical services rendered to Plaintiff.

Valley Orthopedic Surgery
Dr. Bliss W. Clark, M.D.
and the Custodian of Records
1629 Treasure Hill Blvd. Ste. B1
Harlingen, Texas 78550
(956) 421-2663

    Testimony regarding medical services rendered to Plaintiff.

Texas Association of School Board
and the Custodian of Records
P. O. Box 2010
Austin, Texas 78768

    Testimony regarding medical services rendered to Plaintiff.

Industrial Mobility Rehabilitation Center
Negative Deposition of Medical Records
and the Custodian of Records
988 S. 77 Sunshine Strip
Harlingen, Texas 78550
(956) 423-2504

    Testimony regarding medical services rendered to Plaintiff.

San Benito Medical Associates
and the Custodian of Records
351 N. Sam Houston
San Benito, Texas 78586
(956) 399-2443

    Testimony regarding medical services rendered to Plaintiff.

Clark Orthopedic & Rehabilitation
and the Custodian of Records
5505 S. Expressway 77-83, Suite 303
Harlingen, Texas 78550
(956) 425-9425

    Testimony regarding medical services rendered to Plaintiff.

Raul Garza, M.D.
And the Custodian of Records
400 W. 77 Sunshine Strip
San Benito, Texas 78586
(956) 399-1641

    Testimony regarding medical services rendered to Plaintiff.

Rio Grande Valley Imaging &
Diagnostic Clinic and the
Custodian of Records
501-B North Ed Carey Drive
Harlingen, Texas 78550
(956) 440-8900

    Testimony regarding medical services rendered to Plaintiff.

Valley Radiology & Associates
and the Custodian of Records
1620 Ed Carey Drive
P. O. Box 2918/1113
Harlingen, Texas 78550

    Testimony regarding medical services rendered to Plaintiff.

Texas State Bank
Human Resource Dept.
and the Custodian of Records
3900 N. 10th Street
McAllen, Texas 78501
(956) 631-5401

    Testimony regarding Plaintiff's employment.

San Benito ISD
and the Custodian of Records
240 N. Crocket
San Benito, Texas 78586
(956) 361-6150

    Testimony regarding Plaintiff's employment.

## Settlement

This case was not mediated.

## Trial

1. Non-jury.

2. Two day.

3. Witness availability: Defendant United States sees no issues as to witness availability.

_____     _____
Date                                                      Andrew Hanen
                                                          United States District Judge

APPROVAL REQUESTED:

_____
JASON R. MANN
J. Edward Mann, Jr. & Associates
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231
Phone: 956-428-4114
Fax:   956-428-9494
TX Bar:      24004793
Fed. Id. No:   23543
Attorney for Gloria Garcia

PABLO J. ALMAQUER
Texas Rural Legal Aid, Inc.
316 S. Closner
Edinburg, Texas 78539
Phone: 956-383-5673
Fax:    956-383-4688
TX Bar No.:   24004523
Fed. Id. No.:   22597
Attorney for Elena Olivarez


For the United States:


STEVEN T. SCHAMMEL
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-992-9354
Fax:    956-618-8016
TX Bar No.:   24007990
Fed. Id. No.:   23180


NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., #201
Brownsville, Texas 78520
Phone 956-548-2554
Fax:    956-548-2549
State Bar No. 00800490
Fed. I.D. No. 10263