UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GLORIA GARCIA. A/K/A § | |
| GLORIA GUZMAN § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. B-02-017 |
| § | |
| UNITED STATES OF AMERICA, and § | |
| YOLANDA PEREZ, as Postmaster, § | |
| United States Post Office, Santa Rosa, § | |
| Texas, and ELENA OLIVAREZ, as an § | |
| Employee of the United States Post Office, § | |
| Santa Rosa, Texas § | |
| Defendants. § | |

**United States' Memorandum of Law**

**I. Premisses Liability Elements**

In order to prevail in Texas in a negligence action under premises liability the Plaintiff must prove:

  (1)   Actual or constructive knowledge of some condition on the premises by the owner/operator;
  (2)   That the condition posed an unreasonable risk of harm;
  (3)   That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
  (4)   That the owner/operator's failure to use such care proximately caused the plaintiff's injury.

See *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1975); *June v. Dan Kirby Associates,* 1995 WL 506012, at ¶ 7 (Tex. App.-Hous. (14 Dist.));

**II. Texas Law Applies**

"[I]n the Tort Claims Act Congress has expressly stated that the Government's liability is to be determined by the application of a particular law, the law of the place where the act or

omission occurred." *Richards v. U.S.*, 369 U.S. 1, 9-10, 82 U.S.Ct. 585, 591 (1962).

### III. Tort Claims

Congress has waived sovereign immunity for certain torts through the Federal Tort Claims Act (hereinafter FTCA). These waivers are codified at 28 U.S.C. §1346 (b) and §2671 et seq. The FTCA is the exclusive remedy for tort claims against the United States and its agencies. *Kirkland v. United States*, 789 F.Supp 3 (D.D.C. 1992); *Nadler v. Mann*, 731 F. Supp. 493 (S.D. Fla. 1990), *aff'd in part, rev. on other grounds*, 951 F. 2d 301; *Armor Elevator Co., Inc. v. Phoenix Urban Corp.*, 493 F. Supp. 876 (D.C. Mass. 1980), *aff'd*, 655 F. 2d 19; *FDIC v. Manatt*, 723 F. Supp. 99 (E.D. Ark. 1989). Plaintiffs must allege the FTCA as grounds for jurisdiction and in doing so they must meet the jurisdictional prerequisite to suit under the FTCA by demonstrate that they have exhausted their administrative requirements. *Rise v. United States*, 630 F. 2d 1068, 1071 (5th Cir. 1980). Such failure subjects complaints to summary dismissal. *Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980); *Campbell v. Untied States*, 496 F. Supp. 36 (D.C. Tenn. 1980). Finally, allegations of misrepresentation and fraud are specifically barred by section 2680(h) of the FTCA.

### IV. Contract Laborer

The actions and/or knowledge of a contract laborer, cannot impute liability on the United States. 28 U.S.C. § 2671; *Lane v United States*, 843 F.SUPP. 190, 192 (N.D. Texas 1993); *United States v. Orleans*, 425 U.S. 807, 813-814, 96 S.Ct. 1971, 1975-76; *Logue v. United States*, 412 U.S. 521, 528, 93 S.CT. 2215, 2219-20 (1973).

Respectfully submitted,

MICHAEL SHELBY

UNITED STATES ATTORNEY

STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No. 24007990

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing United States' Memorandum of Law was mailed via First-Class Mail to the following:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231

Attorney for Plaintiff

Pablo J. Almaguer
TEXAS RURAL LEGAL AID, INC.
316 S. Closner
Edinburg, Texas 78539

Attorney for Elena Olivarez

on this the _16th_ day of _April_, 2004.

Steven T. Schammel
Assistant U. S. Attorney