United States District Court
Southern District of Texas
FILED

MAY 0 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GLORIA L. GARCIA A/K/A<br>GLORIA GUZMAN<br><br>V.<br><br>UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa<br>Texas, and ELENA OLIVAREZ, as<br>an employee of the United States Post<br>Office, Santa Rosa, Texas | §<br>§<br>§<br>§<br>§ CIVIL ACTION NO. B-02-017<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S UNOPPOSED MOTION FOR CONTINUANCE

Plaintiff asks the court to continue this case until May 6, 2004.

### A. INTRODUCTION

1. Plaintiff is GLORIA GARCIA; Defendant is UNITED STATES OF AMERICA, POSTAL SERVICE.

2. Plaintiff sued Defendant for an injury received as a result of a slip and fall occurring in the United States Post Office, Santa Rosa, Texas on November 12, 1999.

3. This case is set for Pre-Trial Hearing on May 4, 2004 at 1:30 p.m.

4. Plaintiff requests this continuance because Plaintiff's attorney has a mediation scheduled in Corpus Christi, Texas, on May 4, 2004 at 9:00 a.m. Plaintiff's attorney was not aware of said mediation when he recently took over as counsel. Plaintiff's attorney has contacted the office of the mediator and has found that the mediation cannot be rescheduled as several attorney's will attending from New York.

### B. ARGUMENT

5. The court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *U.S. v. Waldman*, 579 F.2d 649, 653 (1st Cir. 1978).

6. Plaintiff's attorney, Jason R. Mann, will be unavailable for the Pre-Trial Hearing on

May 4, 2004 at 1:30 p.m., because of a mediation scheduled the same morning in Corpus Christi, Texas for another case. Mr. Mann was unaware of the scheduled mediation when he recently took over the already existing case. (See attached confirmation of scheduled mediation). Although Mr. Mann contacted the mediator to attempt to reschedule, the mediation cannot be rescheduled because opposing counsel is arriving from out of state.

7. Jason R. Mann is necessary to Plaintiff's case as he is Plaintiff's attorney and there are several issues which require to be pre-tried.

8. Another attorney in the firm cannot handle the case because he is out of town attending a seminar.

9. The lack of an attorney is not Plaintiff's fault because Plaintiff's counsel was unaware of the previously scheduled mediation when he took over the case and only recently learned that a mediation had been scheduled.

10. This request for continuance is not for delay only, but so that justice may be done.

## C. CONCLUSION

11. For the reasons set forth hereinabove, Plaintiff asks the court to continue the Pre-trial hearing for a maximum of seven days or until May 6, 2004.

Respectfully submitted,

J. EDWARD MANN, JR. & ASSOCIATES

Jason R. Mann
State Bar No. 24004793
Federal Bar No. 23543
222 E. Van Buren, Suite 701
P. O. Box 231
Harlingen, Texas 78551-0231
Telephone: 956/428-4114
Facsimile: 956/428-9494
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been forwarded to all parties and counsel of record on this the 23rd day of May, 2004.

Michael T. Shelby
United States Attorney

Steven T. Schammel
Assistant U.S. Attorney
Southern District of Texas
1701 W. Highway 83, Suite 600
Texas Commerce Bank - Bentsen Tower
McAllen, Texas 78501

Pablo J. Almaguer
Texas Rural Legal Aid, Inc.
316 S. Closner
Edinburg, TX 78539

_____
Jason R. Mann

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GLORIA L. GARCIA A/K/A<br>GLORIA GUZMAN<br><br>V.<br><br>UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa<br>Texas, and ELENA OLIVAREZ, as<br>an employee of the United States Post<br>Office, Santa Rosa, Texas | § § § § § § § § § § § §    CIVIL ACTION NO. B-02-017 |

## CERTIFICATE OF CONFERENCE

I certify that on the 3rd day of May, 2004, I attempted to contact Steven T. Schammel and Pablo Almaguer regarding the resetting of the Pre-trial hearing in the above-referenced matter. My assistant spoke with Mr. Schammel and with Mr. Alamaguer and they are not opposed to a continuance of this hearing.

Respectfully submitted,

J. EDWARD MANN, JR. & ASSOCIATES

Jason R. Mann
State Bar No. 24004793
Federal Bar No. 23543
222 E. Van Buren, Suite 701
P. O. Box 231
Harlingen, Texas 78551-0231
Telephone: 956/428-4114
Facsimile: 956/428-9494
Attorney for Plaintiff

# HARRELL Z. BROWNING
### ATTORNEY AT LAW
The Six Hundred Building
600 Leopard Street, Suite 103
Corpus Christi, Texas 78473

Telephone: 361.883.1940

FAX 361.883.3820
e-mail: hzblaw@swbell.net

April 12, 2004

**VIA FACSIMILE 814.8618**
Viviana S. Cavada
Law Offices of Viviana S. Cavada
4646 Corona
Suite 165
Corpus Christi, Texas 78411

**VIA FACSIMILE 884.9618**
Mike Ridulfo
Sorrell, Anderson, Lehrman, Maixner & Ridulfo, L.L.P.
1001 Third Street
Suite 1
Corpus Christi, Texas 78404

**VIA FACSIMILE 212.689.3077**
Mr. Joseph L. Fox
12 Madison Avenue
Third Floor
New York, New York 10016

     Re:    Ortiz Broadcasting Corporation; Case No. 02-21146-C-11

Gentlemen:

    The above case has been referred to me for a full day mediation, and the date for mediation has be set for **Tuesday, May 4, 2004 at 9:00 a.m.** at my office located in **The 600 Building, 600 Leopard Street, Suite 103, Corpus Christi, Texas**. Please notify me immediately if you or your client will not be able to attend.

    The process of mediation is fundamentally an assisted settlement negotiation. The proceedings are private and privileged. Communications to the mediator are confidential unless permission to disclose is expressly given. The mediator cannot be a witness in this case and can report to the court only that the case "did" or "did not" settle. As mediator, I will facilitate settlement negotiations between the parties, but I will not

impose a settlement upon anyone and may not act as an advocate for any party. The parties remain responsible for achieving a mutually acceptable agreement.

In order for the mediation process to work, it is necessary that:

1. All individual parties and any and all corporate <u>agents with adequate authority</u> and information <u>to resolve the matter</u> be present for the entire process;
2. Adequate time be allocated for the process, and;
3. All parties and their counsel commit to give their best good faith efforts to resolve the case by agreement, if possible.

I enclose herewith an Attorney's Information Sheet/Request for Mediation, together with the Rules for Mediation. Kindly complete and return the Attorney's Information Sheet to me via fax at 361.883.3820 by 5:00 p.m., Friday, April 30, 2004.

Based upon the information provided as to the amount in controversy and the number of parties, the cost for mediation will be $1,250.00 per party per day (all parties represented by a single attorney are deemed on "party" for purposes of the mediation fee). I request that the mediation fee be paid prior to commencement of the mediation and that the check be made payable to Harrell Z. Browning and from your law firm or a cashier's check.

Thank you for the opportunity to serve as Mediator in the above styled case. Should you have any questions, please feel free to contact me during office at the above letterhead number, or in the evening at my home 855.1940.

Sincerely,

Harrell Z. Browning

HZB/tcl
Enclosures

ATTORNEY'S INFORMATION SHEET AND REQUEST FOR MEDIATION

Scheduled Date for Mediation:     Tuesday, May 4, 2004 @ 9:00 a.m.

COURT/CAUSE NUMBER/STYLE:   Ortiz Broadcasting Corporation; Case No. 02-21146-C-11

1. Names, addresses, and telephone numbers of parties plaintiff (identify authorized representatives, if known) and attorneys of record.

2. Names, addresses, and telephone numbers of parties defendant (identify authorized representatives, if known) and attorneys of record.

3. Names, addresses, and telephone numbers of other parties (please specify, "Intervenor", etc.) (identify authorized representatives, if known) and attorney of record:

4. The nature of the Plaintiff's claim and the Defendant's defense and counterclaims:

5. What relief is sought by the parties:

6. What are the primary disputed issues of law or fact in this case, from your prospective?

7. What is the status of discovery (1) little or none; (2) some discovery done but substantially incomplete; (3) substantially complete or complete.

8. Do you have sufficient information to form a realistic settlement position? If not, what else is needed.

9. What are the last offers of the parties?

ON BEHALF OF _____, ONE OF THE PARTIES IN THE ABOVE CAUSE, THE UNDERSIGHED ATTORNEY OF RECORD REQUESTS THAT HARRELL Z. BROWNING AGREE TO ACT AS MEDIATOR IN THE ABOVE CASE AND, AS ATTORNEY OF RECORD AND ON BEHALF OF MY CLIENT, AGREE TO BE BOUND BY THE "RULES OF MEDIATION" PROVIDED BY THE MEDIATOR TO ME.

RESPECTFULLY SUBMITTED,

_____
Attorney of Record

ASSOCIATION OF ATTORNEY-MEDIATORS, INC. (5/8/90)

## RULES FOR MEDIATION

1. **Definition of Mediation.** Mediation is a process under which an impartial person, the mediator, facilitates communication between the parties to promote reconciliation, settlement or understanding among them. The mediator may suggest ways of resolving the dispute, but may not impose his own judgment on the issues for that of the parties.

2. **Agreement of Parties.** Whenever the parties have agreed to mediation they shall be deemed to have made these rules, as amended and in effect as of the date of the submission of the dispute, a part of their agreement to mediate.

3. **Consent to Mediator.** The parties consent to the appointment of the individual named as mediator in their case. The Mediator shall act as an advocate for resolution and shall use his best efforts to assist the parties in reaching a mutually acceptable settlement.

4. **Conditions.** Precedent to serving as mediator, the mediator will only serve in cases in which the parties are represented by attorneys. The Mediator shall not serve as a mediator in any disputes in which he has any financial or personal interest in the result of the mediation. Prior to accepting an appointment, the Mediator shall disclose any circumstance likely to create a presumption of bias or prevent a prompt meeting with the parties. In the event that the parties disagree as to whether the Mediator shall serve, the Mediator shall not serve.

5. **Authority of Mediator.** The Mediator does not have the authority to decide any issue for the parties, but will attempt to facilitate the voluntary resolution of the dispute by the parties. The Mediator is authorized to conduct joint and separate meetings with the parties and to offer suggestions to assist the parties achieve settlement. If necessary, the Mediator may also obtain expert advice concerning technical aspects of the dispute, provided that the parties agree and assume the expenses of obtaining such advice. Arrangements for obtaining such advice shall be made by the Mediator or the parties, as the Mediator shall determine.

6. **Commitment to Participate in Good Faith.** While no one is asked to commit to settle their case in advance of mediation, all parties commit to participate in the proceedings in good faith with the intention to settle, if at all possible.

7. **Parties Responsible for Negotiating Their Own Settlement.** The parties understand that the Mediator will not and cannot impose a settlement in their case and agree that they are responsible for negotiating a settlement acceptable to them. The Mediator, as an advocate for settlement, will use every effort to facilitate the negotiations of the parties. The Mediator does not warrant or represent that settlement will result from the mediation process.

8. **Authority of Representatives.** PARTY REPRESENTATIVES MUST HAVE AUTHORITY TO SETTLE AND ALL PERSONS NECESSARY TO THE DECISION TO SETTLE SHALL BE PRESENT. The names and addresses of such persons shall be communicated in writing to all parties and to the Mediator.

9. **Time and Place of Mediation.** The Mediator shall fix the time of each mediation session. The mediation shall be held at the office of the Mediator, or at any other convenient location agreeable to the Mediator and the parties, as the Mediator shall determine.

10. **Identification of Matters in Dispute.** Prior to the first scheduled mediation session, each party shall provide the Mediator and all attorneys of record with an Information Sheet and Request for Mediation on the form provided by the Mediator setting forth its position with regard to the issues that need to be resolved. At or before the first session, the parties will be expected to produce all information reasonably required for the Mediator to understand the issues presented. The Mediator may require any party to supplement such information.

11. **Privacy.** Mediation sessions are private. The parties and their representatives may attend mediation sessions. Other persons may attend only with the permission of the parties and with the consent of the Mediator.

12. **Confidentiality.** Confidential information disclosed to the Mediator by the parties or by witnesses in the course of the mediation shall not be divulged by the Mediator. All records, reports or other documents received by a Mediator while serving in that capacity shall be confidential. The Mediator shall not be compelled to divulge such records or to testify in regard to the mediation in any adversary proceeding or judicial forum. Any party that violates this agreement shall pay all fees and expenses of the Mediator and other parties, including reasonable attorney fees, incurred in opposing the efforts to compel testimony or records from the Mediator.

13. **No Stenographic Record.** There shall be no stenographic record of the mediation process and no person shall tape record any portion of the mediation session.

14. **No Service of Process At or Near the Site of the Mediation Session.** No subpoenas, summons, complaints, citations, writs or other process may be served upon any person at or near the site of any mediation session upon any person entering, attending, or leaving the session.

15. **Termination of Mediation.** The mediation shall be terminated: a) by the execution of a settlement agreement by the parties; b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile; or c) after the completion of one full mediation session; d) by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

16. **Exclusion of Liability.** The Mediator is not a necessary or proper party in judicial proceedings relating to the mediation. Neither Mediator nor any law firm employing Mediator shall be liable to any party for any act or omission in connection with any mediation conducted under these rules.

17. **Interpretation and Application of Rules.** The Mediator shall interpret and apply these rules.

18. **Fees and Expenses.** The Mediator's daily fee shall be agreed upon prior to mediation and shall be paid in advance of each mediation day. The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the mediation, including fees and expenses of the Mediator, and the expenses of any witness and the cost of any proofs or expert advice produced at the direct request of the Mediator, shall be borne equally by the parties unless they agree otherwise.