UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 6 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GLORIA GARCIA. A/K/A<br>GLORIA GUZMAN<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa,<br>Texas, and ELENA OLIVAREZ, as an<br>Employee of the United States Post Office,<br>Santa Rosa, Texas<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. B-02-017 |

## FIRST AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW
## (GOVERNMENT'S VERSION)

### Findings of Fact

1.  Gloria Garcia was in the Santa Rosa Post office for approximately 15 minutes on the morning of November 12, 1999. (*Plaintiff's Original Complaint*, § D, ¶ 7); (*Oral Deposition of Gloria Garcia,* p. 16:21-17:10)[1].

2.  Gloria Garcia and Elena Olivarez were the only persons present at the location of the fall in the Santa Rosa Post Office when Plaintiff allegedly fell. (*Oral Deposition of Gloria Garcia,* p. 55:14-17).

3.  Elena Olivarez was going about her duties as a custodian while Plaintiff was present in the building. (*Oral Deposition of Elena Olivarez,* p. 20:15-21:5).

---

[1] All exhibits are included in the United States' exhibit books.

4. Elena Olivarez placed the "wet floor sign" inside the entrance of the Santa Rosa Post Office. Ms. Olivarez placed her sign near the front entrance, the only public entrance, where it would be visible to all who entered (*Id.* at p. 65:20-25, and Exhibit 1f). The Plaintiff admits that the sign was present although she later contends that she saw it only upon leaving (*Plaintiff's Original Complaint*, § D, ¶ 7); (*Plaintiff's Deposition*, p. 13:10-17, 14:9-11).

5. Gloria Garcia never saw Elena Olivarez or her mop to her right (west) while she was reading her mail.

   Elena Olivarez was adamant that she had not mopped the location where the Plaintiff had fallen. (*Elena Olivarez* at p. 20:11-12, 20:24-25, 21:1, 21:14-17, 21:24-25, 22:1, 22:17-23, and 24:18-23, 47:6-7, 49:15-17). Plaintiff also admitted she never saw Ms. Olivarez to the west of her mopping in the area just to the west where Plaintiff allegedly fell (*Plaintiff's Deposition*, p. 55:10, 86:17-87:25).

6. Gloria Garcia read through her mail while standing in front of her post office box. (*Plaintiff's Deposition*, p. 44:24-45:9).

7. Gloria Garcia did not pick up her mail everyday. (*Plaintiff's Deposition*, p. 12:5-6).

8. The spot on the floor where the Plaintiff allegedly fell was dry when she entered. (*Plaintiff's Deposition*, p. 74:4-10, 78:23-79:1).

9. The floor was not wet at the time of Plaintiff's fall.

   The floor was dry when Plaintiff entered and Plaintiff admitted that she never noticed Ms. Olivarez just to the west (right) of her, where she alleges she slipped and fell. (*Plaintiff's Deposition, p. 86:23-87:25*)

10. The United States had no actual or constructive knowledge of wet floor.

   See "Findings of Facts" numbers 2, 3, and 10.

11. There was not sufficient time for the United States to act to reduce or eliminate the risk. Plaintiff was only present for 15 minutes. (*Original Complaint*, § D, ¶ 7); (*Deposition of Gloria Garcia,* p. 16:21-17:10). The floor was dry when the Plaintiff arrived and Elena Olivarez waited to mop. The Court there held that three and one-half (3.5) hours to four (4) hours did not, "establish, nor permit a legitimate inference that the a dangerous condition existed a sufficient length of time to provide the appellee a reasonable opportunity to discover that dangerous condition. *H. Joachimi v. City of Houston*, 712 S.W.2d 861, 865 (1st Ct. App. Tex. 1986).

12. The United States did not proximately cause the plaintiff's injuries (if any).

13. Gloria Garcia was wholly or jointly responsible for her injuries.

### Conclusions of Law

1. Elena Olivarez was an independent contractor. (*Oral Deposition of Elena Olivarez*, 13: 2-16, 33:18-23, 41:1-7).

2. Venue is proper in this Court as any potential act or omission occurred within the Southern District of Texas, Brownsville Division.

3. This is a case brought pursuant to the Federal Tort Claims Act. Liability is determined by the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995)(en banc).

4. Texas law is the rule of decision in this case since the alleged acts or omissions took place in Santa Rosa, Texas. *Richards v. United States*, 369 U.S. 1, 9-10 (1962).

5. In order to prevail in Texas in a negligence action under premisses defect the Plaintiff must

prove:

    A. Actual or constructive knowledge of some condition on the premises by the owner/operator;
    B. That the condition posed an unreasonable risk of harm;
    C. That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
    D. That the owner/operator's failure to use such care proximately caused the plaintiff's injury.

*See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1975); *June v. Dan Kirby Associates,* 1995 WL 506012, at ¶ 7 (Tex. App.-Hous. [14 Dist.]).

6. Plaintiff has failed to prove the elements of negligence.

7. A negligent activity is an inappropriate claim.

In order to recover on a negligent activity theory a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger*, 845 S.W.2d 262, 264 (Tex. 1992). The burden of proof is on Plaintiff to establish the elements of this case.

8. The parties agree that a timely administrative claim was filed and denied by the United States Postal Service.

9. The United States did not cause or contributed to Plaintiff's injuries and/or damages.

10. Plaintiff shall not recover any money from the United States. The United States may recover its costs from Plaintiff.

_____       _____
Date      Andrew Hanen
     United States District Judge

APPROVAL REQUESTED:

MICHAEL T. SHELBY
United States Attorney

_[signature]_
STEVEN T. SCHAMMEL
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-992-9354
Fax:    956-618-8016
TX Bar No.:  24007990
Fed. Id. No.:  23180

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *First Amended Findings of Fact and Conclusions of Law (Government's Version)* was mailed via First-Class Mail to the following:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231

Attorney for Plaintiff

Pablo J. Almaguer
TEXAS RURAL LEGAL AID, INC.
316 S. Closner
Edinburg, Texas 78539

Attorney for Elena Olivarez

on this the __4th__ day of __May__, 2004.

_[signature]_
Steven T. Schammel
Assistant United States Attorney