UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GLORIA GARCIA. A/K/A | § | |
| GLORIA GUZMAN A/K/A | § | |
| GLORIA LONGORIA[1] | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. B-02-017 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendants. | § | |

## United States' Memorandum of Law

**I.  Texas Law Applies**

In an FTCA case the Government's liability is to be determined by the the law of the place where the act or omission occurred. *Richards v. U.S.*, 369 U.S. 1, 9-10, 82 U.S.Ct. 585, 591 (1962). Here the alleged accident occurred in Texas, therefore Texas law applies.

**II.  Premisses Liability Elements**

In order to prevail in Texas in a negligence action under premises liability the Plaintiff must prove:

    A.    Actual or constructive knowledge of some condition on the premises by the owner/operator;
    B.    That the condition posed an unreasonable risk of harm;
    C.    That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and
    D.    That the owner/operator's failure to use such care proximately caused the plaintiff's injury.

*See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1975).

---

[1] Plaintiff will hereinafter be referred to as Gloria Garcia.

A.  **No Actual or Constructive Knowledge of Premisses Condition.**

In order to prove actual or constructive knowledge of a "condition on the premises by the owner/operator," the Plaintiff must prove than the United States Postal Service (1) put the foreign substance on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992).

In the present case Plaintiff relies on the first of the three options that a foreign substance was put on the floor. However the condition did not exist. Ms. Elena Olivarez testified that she had finished mopping the entryway and edges of the halls prior to any customers entering the Santa Rosa Post Office. She further testified that the floors had all dried before Plaintiff entered. This is corroborated when Plaintiff testified that the floors were dry when she entered. Ms. Olivarez further testified that she did not mop just to the west of Plaintiff's mail box while Plaintiff was present, this too was corroborate by Plaintiff's testimony. Ms. Lydia Rangel and Ms. Olivarez further testified that they did not hear any sounds when Plaintiff allegedly fell. There is no evidence to show actual or constructive knowledge of any alleged wet spot on the floor, much less that the United States created a wet spot.

The Court in *Keetch* went on to hold that if the owner/operator placed the foreign substance on the floor, the finder of fact must still find that the owner/occupier knew or should have known of the condition. *Keetch*, 845 S.W.2d 265; *Corbin*, 648 S.W.2d 296. The Court further held that making the inference, as a matter of law, that the owner/occupier knew of the "condition" is improper unless the matter is uncontroverted. *Keetch*, 845 S.W.2d 265. Here there is no evidence that anyone knew of the alleged condition.

**B.      The Alleged Condition, or Lack Thereof, Did Not Pose an Unreasonable Risk of Harm.**

Plaintiff testified that she did not see any water on the floor as she entered the Post Office. Plaintiff also testified that she did not see any water on the floor in the location where she allegedly slipped and fell. Plaintiff also testified that she did not see Ms. Olivarez to her west where Plaintiff alleges that she slipped and fell. This testimony is corroborate by Ms. Olivarez who testified that the floors were dry, that she had not mopped where Plaintiff alleges that she fell and that she did not transit the location where Plaintiff alleges that she fell while Plaintiff was present. Therefore, there was no unreasonable rick of harm.

**C.      The U.S. Postal Service Exercised Reasonable Care to Reduce or Eliminate the Risk.**

Ms. Olivarez testified at length as to the reasonable care that was used to prevent slips and falls. Ms. Olivarez testified that when she arrived in the morning (every morning for more than seven (7) years) one of the first things she did was place a "wet floor" sign by the entrance to the Post Office. She testified that she did this before any customers would arrive. Ms. Olivarez also testified that she finished mopping the entryway and edges early enough to let them dry before the customers arrived. Ms. Olivarez corroborated that the floors were dry through her testimony. She further testified that she then waited for Plaintiff to leave. Plaintiff testified that she was there for approximately 15 minutes going through her mail. Ms. Olivarez testified that she eventually began to mop, but in doing so she was careful to walk along the wall opposite Plaintiff with her mop against the wall. As Ms. Olivarez began mopping she mopped from the closed end (east) of the hall and proceeded backwards towards Plaintiff. Ms. Olivarez testified that she did this so that the floors


would not be wet where Plaintiff would be walking. Plaintiff testified that she went to the Post Office several times a week. Testimony at trial indicated that the Santa Rosa Post Office was rather small. Having previously visited the post office in the morning, Plaintiff should have been well aware of the manner in which Ms. Olivarez went about placing the "wet floor" sign and cleaning the Post Office.

Dr. Clark testified that as a result of Plaintiff's fall in August of 1999, that her knees were weak and susceptible to collapse or buckling without any outside cause or force. Additionally, Dr. Clark testified that any twisting of a knee with a torn meniscus was likely to cause a buckling of the knee. Plaintiff testifies that she simply turned from her mailbox to leave. This very turning and twisting is the type of action that could have caused Plaintiff's knee to buckle and caused her to fall.

Finally, Plaintiff failed to testify candidly and truthfully at trial. Even after hearing Dr. Clark name and describe the medications she was taking for her August 1999 fall, she denied that she had taken any. Plaintiff later recanted her testimony when impeached with her prior inconsistent statement. She further testified that hall was dark because the light was not working, but after she was impeached she was forced to admit that she did not notice that the light was off and that there was enough light to see that the floor was dry, to put her key in the lock and to read through her mail. Plaintiff further testified in a contradictory manner as to how she fell in the Post Office; she testified that she fell on her hands and knees and she testified that she did the splits. Plaintiff's credibility was diminished by her contradictions and her testimony can best be summarized as suspect.

**D.     The Owner/Operator Used Reasonable Care.**

As discussed above, Ms. Olivarez testified that she took extensive steps to ensure that the

"wet floor" sign was visible to all who entered the Post Office. Ms. Olivarez also testified that the floors were dry and passable for the Post Office patrons and that she and her mop came nowhere near Plaintiff's path of travel. Ms. Olivarez also followed a specific method of mopping designed to reduce risk. The United States Postal Service, through the actions of Ms. Olivarez, used reasonable care to reduce or eliminate the risk of harm.

### III. Negligent Activity Is an Inappropriate Claim

Assuming that negligent activity was pled, in order to recover on a negligent activity theory a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch v. Kroger*, 845 S.W.2d at 264. In *Keetch* the Court found that the slick floors that resulted from the spraying was the negligence that caused the injury, not the actual spraying. *Keetch*, 845 S.W.2d at 264  In the present case it was the alleged water on the floor, if any, which caused Plaintiff's injury, if any, not the act of mopping. The burden of proof is on Plaintiff to establish the elements of this case and Plaintiff has failed to do so.

Respectfully submitted,

MICHAEL SHELBY
UNITED STATES ATTORNEY

_____, AUSA
For: STEVEN T. SCHAMMEL
Assistant U. S. Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas  78501
(956) 618-8010
(956) 618-8016 (fax)
State Bar No.  24007990

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *Amended United States' Memorandum of Law* was mailed via First-Class Mail to the following:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231

Attorney for Plaintiff

on this the 8th day of July, 2004.

For: Steven T. Schammel
Assistant U. S. Attorney