<200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b><200b>



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

JUL 0 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GLORIA GARCIA. A/K/A | § | |
| GLORIA GUZMAN A/K/A | § | |
| GLORIA LONGORIA[1] | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. B-02-017 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**SECOND AMENDED**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**Findings of Fact**

1. Gloria Garcia was in the Santa Rosa Post office for approximately 15 minutes on the morning of November 12, 1999. (*Plaintiff's Original Complaint*, § D, ¶ 7; *Oral Deposition of Gloria Garcia*, p. 16:21-17:10[2]; testimony of Elena Olivarez and Plaintiff at trial.)

2. Gloria Garcia and Elena Olivarez were the only persons present at the location of the fall in the Santa Rosa Post Office when Plaintiff allegedly slipped and fell. (*Oral Deposition of Gloria Garcia*, p. 55:14-17; testimony of Elena Olivarez and Plaintiff at trial.)

3. Elena Olivarez was going about her duties as a custodian while Plaintiff was present in the building. (*Oral Deposition of Elena Olivarez*, p. 20:15-21:5; testimony of Elena Olivarez at trial.)

---

[1] Plaintiff will be referred to hereafter as Gloria Garcia.

[2] All exhibits are included in the United States' exhibit books.

4. Elena Olivarez placed the "wet floor sign" inside the entrance of the Santa Rosa Post Office at approximately 6:30 AM, prior to any customers entering the Santa Rosa Post Office.

   Ms. Olivarez placed her sign near the front entrance, the only public entrance, where it would be visible to all who entered (*Id.* at p. 65:20-25, and Exhibit 1f). The Plaintiff admits that the sign was present although she later contended that she saw it only upon leaving (*Plaintiff's Original Complaint*, § D, ¶ 7; *Plaintiff's Deposition,* p. 13:10-17, 14:9-11; testimony of Elena Olivarez and Plaintiff at trial.)

5. Gloria Garcia never saw Elena Olivarez or her mop to her right (west) while she was reading her mail.

   Elena Olivarez testified that she had not mopped the location where the Plaintiff had fallen. (*Elena Olivarez* at p. 20:11-12, 20:24-25, 21:1, 21:14-17, 21:24-25, 22:1, 22:17-23, and 24:18-23, 47:6-7, 49:15-17). Plaintiff also admitted she never saw Ms. Olivarez mopping in the area just to the west where Plaintiff allegedly fell (*Plaintiff's Deposition*, p. 55:10, 86:17-87:25; testimony of Elena Olivarez and Plaintiff at trial.)

6. Gloria Garcia read through her mail while standing in front of her post office box. (*Plaintiff's Deposition*, p. 44:24-45:9; testimony of Elena Olivarez and Plaintiff at trial.)

7. Gloria Garcia did not pick up her mail everyday. (*Plaintiff's Deposition*, p. 12:5-6).

8. The spot on the floor where the Plaintiff allegedly fell was dry when she entered. (*Plaintiff's Deposition*, p. 74:4-10, 78:23-79:1; testimony of Plaintiff at trial.)

9. The floors were not wet at the time of Plaintiff's fall as they had already dried.

   The floor was dry when Plaintiff entered and Plaintiff admitted that she never noticed Ms. Olivarez just to the west (right) of her, where she alleges she slipped and

       fell. (*Plaintiff's Deposition, p. 86:23-87:25*); testimony of Elena Olivarez and Plaintiff at trial.

10. Gloria Garcia did not know that one light bulb was not working in the hallway where her box was located. (*Plaintiff's Deposition, p. 20:12-16, 23:1-9*; testimony Gloria Garcia at trial.)

11. Plaintiff was able to see that the floor was dry when she entered. (*Plaintiff's Deposition, p. 74:8-10*; Plaintiff's testimony at trial.)

12. Plaintiff was able to unlock he Post Office Box and read through her mail. (*Plaintiff's Deposition p. 45:4-9*; Plaintiff's testimony at trial.)

13. Neither Ms. Lydia Rangel nor Ms. Elena Olivarez heard any sound to indicate that Plaintiff fell. (Testimony of Ms. Lydia Rangel and Ms. Elena Olivarez at trial.)

14. The United States had no actual or constructive knowledge of wet a floor.

15. There was not sufficient time for the United States to act to reduce or eliminate the risk, if any risk existed.

       Plaintiff was only present for 15 minutes. (*Original Complaint*, § D, ¶ 7); (*Deposition of Gloria Garcia,* p. 16:21-17:10). The floor was dry when the Plaintiff arrived and Elena Olivarez waited to mop. In *H. Joachimi v. City of Houston*, the plaintiff allegedly slipped and fell on a slick spot in a city of Houston parking garage, wherein it was determined that the slick spot had been on the floor or for approximately three and one-half (3.5) to four (4) hours. *H. Joachimi v. City of Houston*, 712 S.W.2d 861, 865 (Tex.App. - Houston [1st Dist.] 1986). The Court held that three and one-half (3.5) to four (4) hours did not, "establish, nor permit a legitimate inference that the a dangerous condition existed a sufficient length of time to provide the appellee a reasonable opportunity to discover that dangerous

condition." *H. Joachimi*, 712 S.W.2d at 865.

16. The United States did not proximately cause the plaintiff's injuries (if any).

17. Gloria Garcia was wholly or jointly responsible for her injuries.

   Plaintiff had already injured herself a few months prior and she admitted that she is not very observant. (*Plaintiff's Deposition, p. 23:6*; testimony of Plaintiff and Dr. Bliss Clark at trial.)

18. Gloria Garcia fell and was injured in the San Benito Independent School District on August 5, 1999 for which she received workman's compensation benefits. (*Government's Exhibit 11*; testimony of Plaintiff at trial.)

19. Gloria Garcia exhibited pain and swelling in both of her knees as a result of her August 5, 1999 fall. (*Government's Exhibit 5*).

20. Gloria Garcia took pain relievers and anti-inflammatories after her fall at the San Benito Independent School District. (*Plaintiff's Deposition, p. 40:7-11, 59:25, 65: 17-18*; testimony of Gloria Garcia and Dr. Bliss Clark at trial.)

21. Plaintiff, with reasonable medically probability, tore her meniscus as a result of her August 1999 fall in the San Benito Independent School District. (Testimony of Dr. Bliss Clark at trial.)

22. Plaintiff had a congenital defect in her right knee which was completely unrelated to her alleged fall in the San Benito Independent School District. (*Deposition of Dr. Bliss Clark, p. 14:16-21 & p. 15:24 - p. 16:1*; testimony of Dr. Bliss Clark at trial.)

23. The surgery to correct the congenital defect in Plaintiff's right knee was the more invasive and time consuming than the procedure for the left knee. The procedure on the right knee also resulted in more post operative trauma than the procedure on the left knee.

(*Depostion of Dr. Bliss Clark, p. 48:12-19*; Testimony of Dr. Bliss Clark at trial.)

24. As a result of the injury and acute pain from Plaintiff's fall in the San Benito Independent School District, Plaintiff's knees were not stable and prone to buckling and collapsing independent of external forces thus causing her alleged fall in November 1999. (Testimony of Dr. Bliss Clark at trial, *see also Deposition of Dr. Bliss Clark, p.51*).

25. Plaintiff failed to produce sufficient evidence to prove lost wages in the amount of $1700 per month for a total of $3,387.44. No evidence was tendered by Plaintiff in the way of records, affidavits or tax returns to establish the specific time frame that Plaintiff was out of work and what her salary would have been during that time period.

### Conclusions of Law

1. Venue is proper in this Court as any alleged act or omission occurred within the Southern District of Texas, Brownsville Division.

2. This is a case brought pursuant to the Federal Tort Claims Act. Liability is determined by the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995)(en banc).

3. The parties agree that a timely administrative claim was filed and denied by the United States Postal Service.

4. Texas law is the rule of decision in this case since the alleged acts or omissions took place in Santa Rosa, Texas. *Richards v. United States*, 369 U.S. 1, 9-10 (1962).

5. In order to prevail in Texas in a negligence action under premises defect, the Plaintiff must prove:

      A.    Actual or constructive knowledge of some condition on the premises by the owner/operator;

      B.    That the condition posed an unreasonable risk of harm;

      C.    That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

      D.    That the owner/operator's failure to use such care proximately caused the plaintiff's injury.

See *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1975); *June v. Dan Kirby Associates*, 1995 WL 506012, at ¶ 7 (Tex. App.-Hous. [14 Dist.] 1995).

6. In order to prove actual or constructive knowledge of a "condition on the premises by the owner/operator," the Plaintiff must prove than the United States Postal Service (1) put the foreign substance on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992).

7. The finder of fact must still find that the owner/occupier knew or should have known of the condition. *Keetch*, 845 S.W.2d at 265; *Corbin*, 648 S.W.2d at 296.

8. Making the inference, as a matter of law, that the owner/occupier knew of the "condition" is improper unless the matter is uncontroverted. *Keetch*, 845 S.W.2d at 265.

9. Plaintiff has failed to prove the elements of negligence as set forth in "Conclusions of Law 5."

10. Negligent activity is an inappropriate claim.

    In order to recover on a negligent-activity theory, a person must have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity. *Keetch*, 845 S.W.2d. at 264. The burden of proof is on Plaintiff to establish the elements of this case.

11. The United States did not cause or contribute to Plaintiff's injuries and/or damages.

12. Plaintiff shall not recover any money from the United States. The United States may recover its costs from Plaintiff.

13. Should the Court find that Plaintiff is entitled to recovery, then recovery is limited to the amount of the administrative claim. *28 U.S.C. § 2675(b).*

14. Should the Court find that Plaintiff is entitled to recovery, then the FTCA bars punitive damages. *28 U.S.C. § 2674.*

15. Should the Court find that Plaintiff is entitled to recovery, then the FTCA bars pre-judgment interest. *28 U.S.C. § 2674.*

16. Should the Court find that Plaintiff is entitled to recovery, then the United States Postal Service has pled contributory negligence, and pursuant to the Texas Civil Practice and Remedies Code §§ 33.001 et seq., if Plaintiff is found to be 50 percent or more responsible, Plaintiff takes nothing. If Plaintiff is found to be less than 50 percent liable, the judgment against the U.S. Postal Service is reduced by the percent of Plaintiff's negligence. Texas Civil Practice and Remedies Code §§ 33.01 et seq.

_____  
Date

_____  
Andrew Hanen  
United States District Judge

APPROVAL REQUESTED:

MICHAEL T. SHELBY
United States Attorney

_____ (by Nancy L. Masso, AUSA, with permission)
STEVEN T. SCHAMMEL
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501
Phone: 956-992-9354
Fax:    956-618-8016
TX Bar No.:   24007990
Fed. Id. No.:  23180

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *Second Amended Findings of Fact and Conclusions of Law* was mailed via First-Class Mail to the following:

Jason R. Mann
J. EDWARD MANN, JR. & ASSOCIATES
222 E. Van Buren, Suite 701
PO Box 231
Harlingen, TX 78551-0231

Attorney for Plaintiff

on this the ___8th___ day of __July_____, 2004.

_____
Steven T. Schammel
Assistant United States Attorney