United States District Court
Southern District of Texas
FILED

JUL 0 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GLORIA L. GARCIA A/K/A<br>GLORIA GUZMAN | § § § | |
| V. | § § | CIVIL ACTION NO. B-02-017 |
| UNITED STATES OF AMERICA, and<br>YOLANDA PEREZ, as Postmaster,<br>United States Post Office, Santa Rosa<br>Texas, and ELENA OLIVAREZ, as<br>an employee of the United States Post<br>Office, Santa Rosa, Texas | § § § § § § | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I.

FINDINGS OF FACT

The Court reaches the followings factual findings:

1. The Court finds that on November 12, 1999, the United States of America was the operator of a premise known as the Santa Rosa Post Office in Santa Rosa, Texas.

2. The Court finds that the Santa Rosa Post Office was operated so that patrons could purchase stamps and other items from the United States of America and retrieve mail from Post Office boxes rented from the United States of America.

3. On November 12, 1999, Plaintiff entered the Santa Rosa Post Office at approximately 7:15 a.m. for the purpose of retrieving her mail from a rented

post office box. The Court finds that Plaintiff was an invitee of the United States of America at the Santa Rosa Post Office.

4. When Plaintiff walked through the post office in Santa Rosa to retrieve her mail, the floor on the path from the entrance to her post office box was dry. A "caution wet floor" sign was placed at the entrance when Plaintiff initially walked into the Santa Rosa Post Office.

5. Plaintiff scanned through her mail for 5 to 10 minutes, during which time Elena Olivarez, considered an employee of the United States of America, mopped in an area directly behind and to the right of Plaintiff. Plaintiff was not warned of the wet condition of the floor.

6. Elena Olivarez never placed a "caution wet floor" sign in the area where Plaintiff fell, and it was the policy of the United States of America to only locate the sign in the one place it was located when Plaintiff entered the Santa Rosa Post Office on November 12, 1999. The United States of America failed to adequately place signs to warn Plaintiff of the dangerous condition created by the mopping of the floor.

7. Elena Olivarez had also walked back and forth several times behind Plaintiff while Plaintiff was scanning her mail in order to wring out and refresh the mop she was using.

8. Plaintiff slipped and fell on the wet floor after taking one step to the side and around to the right when attempting to exit the area of Plaintiff's post office box. Plaintiff's fall was entirely a result of the wet condition of the floor

and not the result of an act or failure to act by Plaintiff, and Plaintiff was not contributorily negligent.

9. Elena Olivarez bumped into Plaintiff when Plaintiff was lying on the floor, and at the time, Elena Olivarez had a damp mop. The lights directly above the area where Plaintiff fell were not functioning properly.

10. Plaintiff suffered trauma to the left side of her body and received an injury to her left knee as a direct result of this fall. It is to be a proximate cause of this fall and of the United States of America's failure to adequately warn of the wet floor and remove the dangerous condition. The damage to the left knee was diagnosed as a torn lateral meniscus by Dr. Bliss Clark, upon performing surgery on the left knee. Plaintiff endured a two month recovery period, during which time she lost her job and lost wages in the amount of $1,750. Plaintiff incurred pain and suffering, past, present, and future as a result of this fall.

11. Plaintiff has incurred medical expenses in the amount of $19,000.00 directly attributable to her left knee. The left knee has not been satisfactorily repaired and needs an additional procedure performed at a cost of $20,000.00, including all provider and hospital charges. The recovery period for the needed procedure is six weeks.

12. The United States of America was negligent in that it failed to make a dangerous condition, the wet floor, safe by adequately warning of the dangerous condition or eliminating the dangerous condition.

13. The United States of America failed to use ordinary care to keep the Santa Rosa Post Office in reasonably safe condition for Plaintiff.

14. The Court finds that the freshly mopped floor, created by Elena Olivarez behind Plaintiff, while Plaintiff was getting her mail, posed an unreasonable risk of harm.

15. The United States of America had actual knowledge of the dangerous condition, which was a freshly mopped floor behind Plaintiff, while Plaintiff was getting her mail.

II.

Conclusions of Law

The court reaches the following conclusions of law:

1. A premise operator has actual knowledge of the wet condition of the floor of a premise when it creates the condition through the actions of an employee.

2. A wet floor is an inherently dangerous condition that poses an unreasonable risk of harm unless adequate warning is given.

3. A premise operator has actual knowledge of a dangerous condition when an employee of the operator mops a floor creating a wet floor.

4. The Unites States of America, as operator of the Santa Rosa Post Office, owed a duty to Plaintiff, who was an "invitee", to adequately warn of the wet condition of the floor or to eliminate the dangerous condition.

5. The United States of America has waived its immunity in operating the United States Post Service, Santa Rosa Post Office, and the Federal Torts Claims Act applies.

6. The United States of America has a duty of ordinary care to keep the Santa Rosa Post Office in reasonably safe condition for invitee.

_____
Presiding Judge